UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| EVELYN DEITZ-SMITH, *et al.*, | : | Case No. 3:25-cv-00305 |
| Plaintiffs, | : | District Judge Michael J. Newman |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| SHELBY COUNTY METROPOLITAN HOUSING AUTHORITY, *et al.*, | : | |
| Defendants. | : | |

**ORDER**

This matter is before the Court to consider the following recent filings by Plaintiff(s):

1. "MOTION FOR SERVICE OF PROCESS BY U.S. MARSHALS SERVICE" (Doc. No. 4);

2. "MOTION FOR ADA ACCOMMODATION" (Doc. No. 5);

3. "SUPPLEMENTAL NOTICE OF NEWLY DISCOVERED EVIDENCE AND UPDATED MASTER TIMELINE (Exhibits 39-42)" (Doc. No. 8);

4. "PLAINTIFF'S LETTER OF INENT AND PERSONAL STATEMENT OF GOOD FAITH" (Doc. No. 9); and

5. "PLAINTIFF'S NOTICE OF STATE COURT FILING AND REQUEST FOR COORDINATION OF PROCEEDINGS" (Doc. No. 10).

Before addressing these filings, the undersigned notes the procedural posture of the case.

The case is in its early stages. The Court granted Plaintiffs leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, meaning that they did not have to pay the filing fees to

proceed. (Doc. No. 2.) However, the Court is required to screen Plaintiff's Complaint (Doc. No. 3) and dismiss any part of it that is frivolous or malicious, that fails to state a claim on which relief can be granted, or that seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Complaint must be screened *before* Defendants are served and before the case proceeds forward.

Plaintiffs' recent filings are resolved as follows. **First**, Plaintiffs ask the Court to order the United States Marshal Service ("USMS") to serve the Complaint (as well as their other initial filings) on Defendants. (Doc. No. 4.) They also ask to be relieved of the obligation to serve the *entire* Complaint with its exhibits, because of its length. (*Id*. at PageID 599 [noting it is over 200 pages].) The motion is **DENIED** at this time. If, after screening the Complaint, the Court finds that the case should proceed in whole or in part, the Court will then direct the USMS to serve a summons and full copy of the Complaint on the appropriate Defendant(s). *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). But Plaintiffs "must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). *See also Shine-Johnson v. Chambers-Smith*, No. 2:22-cv-3236, 2023 U.S. Dist. LEXIS 240316, at *2 (S.D. Ohio July 18, 2023) ("Plaintiffs' status as pro se litigants, even if they are proceeding *in forma pauperis*, does not entitle them to free copies from the Court."). Plaintiffs are responsible for serving their other filings consistent with Fed. R. Civ. P. 5.

**Second**, Plaintiff Evelyn Deitz-Smith ("Evelyn") asks that the Court accommodate her disability under the Americans with Disabilities Act ("ADA"). (Doc. No. 5.) Among

other things, Plaintiff appears to ask the Court to determine, at this early point, that certain evidence *is admissible* in the case, and to bar Defendants from opposing its admissibility. (*Id*. at PageID 642.) She further seeks "accessible participation" with respect to court appearances and extended deadlines. (*Id*.) This motion is not signed by either Plaintiff and for that reason the Clerk is **DIRECTED** to **STRIKE** it from the docket. Fed. R. Civ. P. 11. (*See also* Doc. No. 2 at PageID 330 [ordering Plaintiff Craig Smith to personally sign the Complaint]; Doc. No. 6 at PageID 649 [reminding Plaintiffs they must sign their filings].) Plaintiff may file specific motions seeking extensions of time or to appear remotely as those situations arise, and may argue for or against the admissibility of evidence at the appropriate time. At present, however, there are no deadlines to extend and no appearances are required. The Court is currently considering the Complaint and how the claims have been pled; the admissibility of evidence will be addressed at a later time if the case proceeds.

 **Third** and **fourth**, Plaintiff(s) provide a Supplemental Notice of Newly Discovered Evidence and Updated Master Timeline (Doc. No. 8) and Evelyn submitted a Letter of Intent and Personal Statement of Good Faith (Doc. No. 9). These are not filings recognized by the Federal Rules of Civil Procedure and the Clerk is therefore **DIRECTED** to **STRIKE** them from the docket.

 **Fifth**, Evelyn provides notice of a case pending against Plaintiffs in the Franklin County, Ohio, Small Claims Court, "to ensure that the state proceedings do not interfere with, prejudice, or create conflicting obligations in the federal RICO action now before this Court." (Doc. No. 10 at PageID 706.) This filing is arguably responsive to the

Court's earlier Order Concerning Other Cases (Doc. No. 6) and so will not be stricken. But Plaintiff's request for "coordination of proceedings" is not well-taken. It appears that Plaintiff seeks a stay of the small claims litigation until after this case is complete. That request has correctly been directed to the small claims court. (*See* Doc. No 10 at PageID 708.) To the extent Plaintiff is asking this Court to stay the small claims litigation, her request is **DENIED**.

As noted above, the next step in the case is for the Court to screen Plaintiff's Complaint. It is lengthy, with many claims, defendants, and exhibits. (Doc. No. 3 at PageID 331 through Doc. No. 3-46 at PageID 680.) **<u>Plaintiffs need not, and in the absence of extraordinary circumstances shall not, file any additional materials at this time.</u>** Similarly, Defendants need not respond to the Complaint or other filings until further order of the Court.

**IT IS SO ORDERED**.

*s/Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

4